UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADAM PRITCHARD,
EDWARD ROBINSON and
JULENNE TUCKER,
both individually and on behalf of a class of
others similarly situated,

                              Plaintiffs,

                                 v.

THE COUNTY OF ERIE, et al.,

                              Defendants.

**Hon. Hugh B. Scott**

04CV534C

**Order**

      Before the Court is plaintiffs' motion to compel production of booking sheets (Docket No. 25), among the other relief sought by plaintiffs in that omnibus motion. This Court issued an Order (Docket No. 52, Sept. 26, 2005, familiarity with which is presumed) granting in part that motion (see Docket No. 52, Order at 17-18). That Order announced that a Protective Order would be entered regarding dissemination of information from these booking sheets to retain confidentiality, see Marriott v. County of Montgomery, No. 03CV531, Tr. Dec. 18, 2003, at 36-37 (N.D.N.Y.) (Peebles, Mag. J.) (see Docket No. 25, Ex. H, hereinafter "Marriott"); McDaniels v. County of Schenectady, No. 04CV757, Protective Order, Jan. 11, 2005, at 2-6 (N.D.N.Y.) (Treece, Mag. J.) (see Docket No. 25, Ex. K, hereinafter "McDaniels Ex. K"), see also Docket No. 25, Ex. J, McDaniels, supra, Order, Jan. 10, 2005, at 3-5 (Treece, Mag. J.) (hereinafter "McDaniels Ex. J"). (Docket No. 52, Order at 17-18.) What follows is that protective Order.

**DISCUSSION**

Erie County and Sheriff's Department officials Howard, Livingston, and Huggins, and former sheriff Gallivan (hereinafter collectively "County Defendants")[1] objected to production of the booking sheets on privacy grounds (Docket No. 29, County Defs. Memo. at 3-11). Since the parties strenuously disagreed upon production of these booking sheets and could not agree upon a confidentiality agreement to obviate the need for plaintiffs' motion, the Court decided to enter its own protective Order. The Court was guided by the United States District Court for the Northern District of New York and its protective orders in similar cases. See McDaniels Ex. K; see also Marriott. This Order addresses the concerns raised by the County Defendants (see Docket No. 29, County Defs. Memo. at 3-6, 8-11), especially the privacy issues arising from New York Criminal Procedure Law § 160.50.

I.   Method of Production

Defendants are to produce the bookings sheets with redactions or produced in summary form identifying only the name, address, telephone number, date of birth, arresting charge, and date of arrest, see Marriott, supra, Tr. at 36, for those arrestees who were arrested from July 2001 to present, but excluding those arrested who (a) were ultimately not convicted or (b) were convicted of felony offenses (see Docket No. 29, County Defs. Memo. at 11). (Docket No. 52, at 17-18). (Hereinafter the booking sheets, any summaries of these sheets, and the data therefrom will be referred to collectively as the "booking sheets" despite the manner ultimately provided by

---

[1] Remaining defendant Gipson, at oral argument on September 20, 2005, joined in the arguments of co-defendants. Since the booking sheets are presumed to be under the control of the Sheriff, production will be assumed to be from the County Defendants.

defendants.)  Defendants are to explain any coding or shorthand in booking sheets produced so that plaintiffs, and ultimately the Court, can decipher what has been produced.

II.     Confidentiality and Its Preservation

Information contained in the booking sheets shall be deemed confidential and subject to this protective Order.  See McDaniels Ex. K, supra.  Access to the data contained in the booking sheets shall be limited to counsel and those working directly with counsel on this case.  Plaintiffs' counsel shall maintain a list of those to whom this data has been disclosed, with this list available to the Court upon request of any person   See Marriott, supra, Tr. at 37.  Any person to whom information provided under this Order is disclosed must sign a statement agreeing to be bound by this protective Order.  The signed statement, as annexed hereto as Exhibit A, shall contain a recital that the signatory has read and understands this Order, and that the signatory understands that unauthorized disclosures of the stamped "CONFIDENTIAL" documents (or information therefrom) constitutes **contempt of court**.  See McDaniels, Ex. K, supra, at 4, Ex. A.  Anyone who is permitted access to stamped "CONFIDENTIAL" booking sheets pursuant to this Order shall use the information only for preparation and the trial (itself) of this litigation and shall not use such information for any other purpose. Id. at 6.

Prior to defendants' actual disclosure to plaintiffs of the booking sheets and information contained therein, these documents shall be marked "CONFIDENTIAL" in a manner that will not interfere with their legibility.  Except with the prior written consent of the individual arrestee(s), individual stamped "CONFIDENTIAL" booking sheets may not be disclosed to any person (including the named plaintiffs) except for the attorneys for the parties and those employees and agents working directly with the attorneys, for use only in connection with this

action. Should an arrestee become a plaintiff to this action or is interviewed by either party, that arrestee may be shown his or her personal booking sheet or booking information derived from that sheet only. McDaniels Ex. K, supra, at 3-4.

To the extent that these booking sheets may be used at any one witness or party's deposition as it may relate to this litigation, said booking sheets remains subject to this protective Order. Counsel must, within fifteen (15) days after receipt of any deposition transcript, designate pages of the transcript and/or exhibits thereto as confidential if related to disclosure of the booking sheets; until the expiration of the fifteen (15) day period, the entire deposition will be treated as subject to this protective Order. If counsel do not timely designate the confidential information in a deposition relating to a booking sheet, then the entire transcripts and its exhibits will be treated as confidential until such time this Court may lift the protection provided by this Order. Parties, however, need not re-designate as confidential a document previously so designated. Id. at 4-5.

The booking sheets that have been marked as "CONFIDENTIAL" pursuant to this Order shall continue to be treated as confidential information at trial. The trial court may determine how this information and/or documents shall be kept confidential at trial. Id. at 5.

The stamped "CONFIDENTIAL" booking sheets, or corresponding pages of deposition deemed confidential, shall not be filed with the Clerk, or submitted for filing by electronic case filing system, except when required in connection with motions under Rule 56 or other matters pending before the Court. If required to be filed, said documents shall be filed under seal and shall remained sealed so long as they retain their status as stamped "CONFIDENTIAL" documents. Id.

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their actual client(s), in the course thereof, relying generally on examination of stamped "CONFIDENTIAL" booking sheets, provided, however, that in rendering such advice and otherwise communicating with such client(s), counsel shall not make specific disclosure of any item so designated, except to have the client adhere to the procedures set forth above. Id. at 6.

III.   Duration of Order

The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after final conclusion of all aspects of this litigation, which may include an appeal, stamped "CONFIDENTIAL" booking sheets and all copies of the same (other than unsealed exhibits of record) shall be returned to defendants or, at the option of defendants, destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the County Defendants not more than sixty (60) days after final termination of this litigation. Id. at 9.

All attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of stamped "CONFIDENTIAL" documents. Id.

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      September 26, 2005

ATTACHED: Sworn Statement