UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ADAM PRITCHARD,
EDWARD ROBINSON,
JULENNE TUCKER,
both individually and on behalf of a class of
others similarly situated,

                         Plaintiffs,

         v.

THE COUNTY OF ERIE, et al.,

                         Defendants.
_____

**Hon. Hugh B. Scott**

04CV534C

**Order**

Before the Court is a continuation of the various discovery and other pretrial motions recently decided. Here, the Court ordered all parties to submit applications to recover their respective reasonable motion costs (including attorneys' fees) relative to their discovery motions (see Docket No. 52, Order). Familiarity with that Order is presumed. The parties then entered into a Stipulation (Docket No. 55) and seek an Order confirming their agreement not to move for costs for their respective motions.

**BACKGROUND**

*Prevailing Parties on the Discovery Motions--Defendants*

The County Defendants[1] sought from plaintiffs initial disclosures and responses to their document demands and interrogatories (Docket No. 16), seeking costs (Docket No. 17, County

---

[1] Former Sheriff Gallivan, current Sheriff Howard, Sheriff's Department officials Huggins and Livingston, and the County of Erie.

Defs.' Atty. Aff. at 12).  This Court granted that motion where plaintiffs have not produced (Docket No. 52, Order, at 7-10).  The Court awarded them their reasonable motion expenses (id. at 10-12, 14-15, 35).

Defendant Gipson also moved for document production from plaintiffs as well as answers to his interrogatories (Docket No. 22), also seeking motion costs (Docket No. 23, Def. Atty. Aff. at 5).  This Court noted that Gipson made no effort to show his good faith effort to resolve this issue short of motion practice and, while granting production where it had not been performed, denied Gipson fees (Docket No. 52, Order, at 10-12).  But Gipson later joined in the County Defendants' motion regarding initial disclosures.  All defendants sought evidentiary preclusion as a sanction for plaintiffs' failure to furnish initial disclosures, but this Court denied that extreme form of relief, granting instead the limited relief of awarding motion costs as to plaintiffs' initial disclosure (Docket No. 52, Order, at 13-15).

The Court denied in part, granted in part, the County Defendants' motion for a protective Order against plaintiffs' <u>ex parte</u> communication with Sheriff's Department employees (Docket No. 40), allowing plaintiffs to contact <u>ex parte</u> rank and file Sheriff's deputies and employees but not officers ranked at sergeant and above (Docket No. 52, Order at 32-33, 34).  The Court then determined that each party should bear their own motion costs for this motion (<u>id.</u> at 34).

*Prevailing Parties on Discovery Motions--Plaintiffs*

Plaintiffs filed an omnibus motion, seeking (among other relief) compelled production of several forms of discovery from defendants (Docket No. 25), seeking relief the Court deemed just, proper and equitable (<u>id.</u> at 2).  This Court granted plaintiffs limited production of the booking sheets and <u>in camera</u> inspection of the privilege log documents (Docket No. 52, Order at

16-18, 21-23, 36), while denying their motion for interrogatory answers regarding a former cross-claim against Gipson and a protective order on the conduct of depositions (id. at 18-21, 36).  The Court determined that plaintiffs prevailed over one-third of the discovery motions they made, hence they should recover one-third of the costs for the motion or the actual costs of the portions of the omnibus motion in which they prevailed (id. at 22-23).  Similarly, the County Defendants (and not Gipson, see id. at 23 n.7) should prevail on one-third of their motion costs in responding to the unsuccessful discovery portions of plaintiffs' omnibus motion (id. at 23).

*September 26 Order and Briefing Schedule*

The Order granting (and denying) these discovery motions set forth a schedule for parties to submit their respective motion expense application affidavits within five (5) business days of the entry of that Order (Docket No. 52, Order at 12, 36, see id. at 15), or by October 3, 2005.  Responses (without replies) were due five (5) business days from service of these affidavits (or as late as Tuesday, October 11, 2005), and the applications were deemed submitted as of this latter date.  The Order also states that counsel, and not their clients, are to be responsible for the motion expense awards made herein (Docket No. 52, Order at 34-35, 36).

But on September 30, 2005, the parties entered into a stipulation agreeing that all parties would bear their own respective costs for their motions and not move for costs under this Court's September 26, 2005, Order (Docket No. 55).  They seek that stipulation confirmed as an Order.

**DISCUSSION**

The purpose of discovery sanctions under Rule 37 is to enforce full discovery "for the just, speedy and inexpensive determination of the lawsuit."  Robison v. Transamerica Ins. Co., 368 F.2d 37, 39 (10th Cir. 1966) (Murrah, J.).  They also provide a general deterrent to parties

and counsel in other cases as well as remedying the situation in the particular case, see 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2284, at 618 & n.21 (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)), 640 (Civil 2d ed. 1994). Courts have discretion to impose an appropriate sanction order to make "the punishment fit the crime," see 8A Federal Practice and Procedure, supra,§ 2284, at 640, 614. These sanctions are limited to the reasonable expenses incurred in connection with the motion. 7 Moore's Federal Practice § 37.23[6] (3d ed. 2001). These sanctions, however, are not to create a source for ancillary litigation. The sanctions within Rule 37 are mandatory whenever a party is compelled to move to obtain discovery or is forced to defend such a motion and prevails in that defense. Fed. R. Civ. P. 37(a)(4)(A), (B). (See Docket No. 52, Order at 11.) That rule is intended to compensate the party for the cost it incurred in seeking discovery, ultimately having to resort to judicial intervention to receive that which should be produced voluntarily. See J.M Cleminshaw Co. v. City of Norwich, 93 F.R.D. 338, 350-51, 351-60 (D. Conn. 1981) (Cabranes, D.J.). In J.M. Cleminshaw Co., the court found that counsel repeatedly failed to respond to plaintiff's discovery demands and court discovery orders, imposing not only plaintiff's modest motion costs but also a fine paid to the Court as a further sanction, id. There is a rebuttable presumption in favor of imposing an expense shifting sanction on the party against whom a motion to compel is resolved. 7 Moore's Federal Practice, supra, § 37.23[1], at 37-41. The clients paid for counsel to make the motion to secure this discovery or to resist its production. As prevailing parties, the clients are entitled to this compensation.

 Under Rule 37(a)(4), the movant is entitled to reasonable costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is

proper." 8A Federal Practice and Procedure, supra,§ 2288, at 666-67; see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978).

In this case, rather than precluding evidence as defendants wished (see Docket No. 52, Order, at 12-15), the Court ordered as sanction that plaintiffs pay defendants' motion costs (id. at 14-15). Non-compliant parties were also sanctioned for the reasonable motion costs (id. at 22-23). The Court also imposed the sanction solely upon plaintiffs and defense counsel, and not their respective clients (id. at 34-35). See 8A Federal Practice and Procedure, supra, § 2284, at 639 & n.51. The Court enjoys broad discretion to issue orders as are just under Rule 37. Id. at 614.

At issue here is whether the very counsel who would be required to pay costs to the opposing party can stipulate to agree to not move for those sanctions (or to waive those costs previously sought). While an attorney may "exercise professional judgment to waive or fail to assert a right or position of the client," DR 7-101(B)(1)[2]; 22 N.Y.C.R.R. § 1200.32(b)(1), or even acceding to reasonable requests of opposing counsel "which do not prejudice the rights of the clients," DR 7-101(A)(1); 22 N.Y.C.R.R. § 1200.32(a)(1), such a waiver should not occur where the attorneys have a vested interest in the right being waived. "After accepting employment, a lawyer carefully should refrain from acquiring a property right or assuming a position that would tend to make his or her judgment less protective of the interests of the client." New York State Code of Prof'l Resp. EC 5-2; see also id. EC 5-7 (lawyer generally should not have financial interest in outcome of litigation), 5-1 (the lawyer's personal interest should not be permitted to

---

[2]See Docket No. 52, Order, at 28-29, accepting New York State Code of Professional Responsibility as guidelines.

dilute the lawyer's loyalty to the client), Canon 9 ("a lawyer should avoid even the appearance of professional impropriety")). Except for a lien to secure an attorneys' fee or a contingent fee arrangement, a lawyer is not to have a proprietary interest in the subject matter of litigation the lawyer is conducting for a client, id., DR 5-103(A); 22 N.Y.C.R.R. § 1200.22(a). "A lawyer shall not . . . continue employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests, unless a disinterested lawyer would believe that the representation of the client will not be adversely affected thereby, and the client consents to the representation after full disclosure of the implications of the lawyer's interest." 22 N.Y.C.R.R. § 1200.20(a); see N.Y.S. Code of Prof'l Resp. DR 5-101(A).

The counsels' stipulation to waive imposing fees owed to their opponents (and to their own clients) places the lawyers' individual interests (pecuniary liability) in conflict with their respective clients' interests (in recovering the costs of prosecuting these discovery motions). See also Calloway v. Marvel Entertainment Group, 854 F.2d 1452, 1475 (2d Cir. 1988) (where counsel represented client in Rule 11 proceeding which cited client and counsel, court held that the Rule 11 proceeding was tainted by the continued representation by that counsel). While the Disciplinary Rules recognize certain professional courtesies as punctuality and "avoiding offensive tactics" as exceptions from the requirement of zealous advocacy for the client, DR 7-101(A)(1); 22 N.Y.C.R.R. § 1200.32(a)(1), self-exoneration by mutual agreement is not a professional courtesy or offensive tactic avoidance that warrants acting contrary to the distinct interests of the client. There is no indication in the record that the clients were advised of this potential conflict by their attorneys entering into this stipulation or that the clients offered

informed consent.³  It is not the place for counsel to waive recovery of their clients' costs merely because counsel would have to pay them.

This conflict is heightened on both sides of this case.  On the plaintiffs' side, since they are seeking class status, this stipulation would have the two or three named plaintiffs agree (assuming they were informed and made such an agreement) to waive recovery of their motion costs and attorneys' fees and yet still purport to represent a class of similarly situated persons while depriving the potential class of recovery of some of the expenses incident to this action.  On the defense side, a fiscally challenged municipality like the County of Erie (which is paying most of the defense costs for the defendant officials as well as its own) cannot readily agree to waive (in effect) reimbursement of its motion expenses incurred by its successful outside counsel merely because that counsel agreed with opposing counsel not to press the issue against each other.

Expense shifting sanctions are the "'mildest' of sanctions authorized by Rule 37," J.M. Cleminshaw Co., supra, 93 F.R.D. at 349 (quoting Cine Forty-Second St. Theatre v. Allied Artists, 602 F.2d 1062, 1066 (2d Cir. 1979)).  Here, counsel are trying to avoid even this mild sanction by stipulating to waive their clients' expenses.  This cannot be tolerated.  While minimizing ancillary motion practice regarding sanctions and entering into stipulations generally often are laudable (see Docket No. 52, Order at 21), the Court's previous Order is clear.  Sanctions are to be imposed and to be imposed upon counsel.  The Court required the parties to engage in the exercise of providing their reasonable motion costs and award sanctions not only to

---

³Given Erie County's current fiscal woes, it is unlikely that the county would consent to waive part of its outside counsel costs if paid by opposing counsel.

make the respective parties whole (for either failing to produce or requiring material that should not be provided) but also the deterrence this remedy has upon other parties and the bar in general. Counsel should not be disqualified, however, because of this stipulation; rather, to avoid the conflict, the stipulation should not be given effect.

## CONCLUSION

For the reasons stated above, the Court **declines** to enter an Order adopting counsels' stipulation (Docket No. 55). The parties shall submit to the Court their respective motion costs by **October 21, 2005**, and respond to those submissions by **October 28, 2005**. Failure to submit such costs will compel the Court to make its own determination as to the amount of the sanction to be imposed. Following this exchange of applications and responses, the Court will issue an Order setting forth the costs each counsel is responsible for (see Docket No. 52, Order at 36, 34-35).

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
October 11, 2005