UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADAM PRITCHARD,
EDWARD ROBINSON,
JULENE TUCKER,
both individually and on behalf of a class of
others similarly situated,

                                    Plaintiffs,

                                                            **Hon. Hugh B. Scott**

                                                            04CV534C

                                                            **Order**

                    v.


THE COUNTY OF ERIE, et al.,

                                    Defendants.


        Before the Court is a continuation of recently decided discovery motions.  Here, pursuant

to this Court's direction (Docket No. 52), all parties have submitted applications (Docket Nos.

59, 60, 62) to recover their respective reasonable motion costs (including attorneys' fees) relative

to their discovery motions.  Familiarity with this Court's prior Orders (Docket Nos. 52, 53, 56) is

presumed.

        The attorneys later filed a stipulation agreeing to waive recovery of their clients'

respective costs (Docket No. 55), but the Court declined to enter an Order adopting this

stipulation (Docket No. 56).  The Court then rescheduled the parties' motion cost submissions

(Docket No. 56; see Docket No. 58).

# BACKGROUND

*Prevailing Parties on the Discovery Motions--Defendants*

The County Defendants[1] sought from plaintiffs initial disclosures and responses to their document demands and interrogatories (Docket No. 16).  This Court granted that motion where plaintiffs have not produced (Docket No. 52, Order, at 7-10).  The Court awarded them their reasonable motion expenses (id. at 10-12, 14-15, 35).

Defendant Gipson also moved for document production from plaintiffs as well as answers to his interrogatories (Docket No. 22).  This Court noted that Gipson made no effort to show his good faith effort to resolve this issue short of motion practice and, while granting production where it had not been performed, denied Gipson fees (Docket No. 52, Order, at 10-12).

But Gipson joined in the County Defendants' motion regarding initial disclosures.  All defendants sought evidentiary preclusion as a sanction for plaintiffs' failure to furnish initial disclosures, but this Court denied that extreme form of relief, granting instead the limited relief of awarding motion costs as to plaintiffs' initial disclosure (Docket No. 52, Order, at 13-15).

The Court denied in part and granted in part the County Defendants' motion for a protective Order against plaintiffs' ex parte communication with Sheriff's Department employees (Docket No. 40), allowing plaintiffs to contact ex parte rank and file Sheriff's deputies and employees but not officers ranked at sergeant and above (Docket No. 52, Order at 32-33, 34).  The Court then determined that each party should bear their own motion costs for this motion (id. at 34).

---

[1]Former Sheriff Gallivan, current Sheriff Howard, Sheriff's Department officials Huggins and Livingston, and the County of Erie.

*Prevailing Parties on Discovery Motions--Plaintiffs*

Plaintiffs filed an omnibus motion, seeking (among other relief) compelled production of several forms of discovery from defendants (Docket No. 25).  This Court granted plaintiffs limited production of the booking sheets and in camera inspection of the privilege log documents (Docket No. 52, at 16-18, 21-23, 36), while denying their motion for interrogatory answers regarding a former cross-claim against Gipson and a protective order on the conduct of depositions (while cautioning counsel on how to conduct themselves during examinations) (id. at 18-21, 36).  The Court determined that plaintiffs prevailed over one-third of the discovery motions they made (the rest either sought relief not governed by Rule 37 or for which plaintiff did not prevail), hence they should recover one-third of the costs for the motion or the actual costs of the portions of the omnibus motion in which they prevailed (id. at 22-23).

Similarly, the County Defendants (and not Gipson, see id. at 23 n.7) should prevail on one-third of their motion costs in responding to the unsuccessful discovery portions of plaintiffs' omnibus motion (id. at 23).  See Fed. R. Civ. P. 37(a)(4)(B); 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 657-68 (Civil 2d ed. 1994) (great operative principle of Rule 37(a)(4) is that the loser pays).

*September 26 Order and Briefing Schedules*

The Order granting (and denying) these discovery motions states that counsel, and not their clients, are to be responsible for the motion expense awards made herein (Docket No. 52, Order of Sept. 26, 2005, at 34-35, 36).  The Order set forth a schedule for parties to submit their respective motion expense applications within five (5) business days of the entry of that Order (Docket No. 52, Order at 12, 36, see id. at 15), or by Monday, October 3, 2005.  Responses

(without replies) were due five (5) business days from service of these affidavits, and the

applications were deemed submitted as of this latter date.  In the later Order declining to adopt

the counsels' stipulation required motion cost applications to be submitted by October 21, 2005,

and responses to those applications by October 28, 2005 (Docket No. 56, Order of Oct. 11,

2005).  At the request of the parties, the Court held a status conference on October 19, 2005

(Docket No. 57), where these applications (and their necessity) were discussed (Docket No. 58)[2].

The parties indicated during this conference that the expenses would essentially offset (Docket

No. 58).  Nevertheless, the Court insisted upon the parties documenting their motion costs (id.).

*Parties' Submissions--Defense*

The County Defendants filed an affidavit of their motion costs (Docket No. 60).  Defense

counsel there indicates that he reviewed his firm's time expenditures for their successful motion

to compel, finding that his firm spent 47.5 hours preparing and arguing that motion (for a fee

total of $7,863) (Docket No. 60, County Def. Atty. Aff. ¶¶ 5, 6, Ex. A), as well as the successful

defense of plaintiffs' motions, expending 138.5 hours (with one-third the fee for which is

$7,707.50) (id., County Def. Atty. Aff. ¶¶ 5, 7, 8, 9-10, Ex. A), for a total claim of $15,390.50

(id. ¶ 11).  The County Defendants seek an attorneys' fee rate of $185 per hour for the partner on

the case, $145 per hour for the associate assigned, and $85 for the paralegal assisting on the case,

declaring these rates are appropriate for this District (id. County Def. Atty. Aff. ¶ 12).  They do

not claim other expenses were incurred.

---

[2]The County Defendants represented that the County consented to the waiver of its
motion costs prior to their counsel's entry into the stipulation with plaintiffs' counsel.  Docket
No. 65, County Defs. Reply Aff. ¶ 12; but cf. Docket No. 56, Order at 6-7 & 7 n.3.

Defendant Gipson also submitted an affidavit of his motion costs (Docket No. 59).  He seeks only the 1.8 hours of court time his attorney spent during the September 20, 2005, argument of the motions and not costs for the other defendants' Rule 26 initial disclosures motion to compel (Docket No. 59, Atty. Affirm. ¶¶ 7, 5, 6).  Gipson's counsel notes that he spent an additional 1.2 hours in preparation for that argument, but is not claiming this time in this application (id. Atty. Affirm. ¶ 10).  He claims an attorney rate of $185 per hour (id. Atty. Affirm. ¶ 7), without stating his attorney's experience or the basis for an associate to reasonably charge that rate.  Gipson is not claiming other expenses were incurred relative to these motions. He thus seeks only a total of $333 (id. Atty. Affirm. ¶ 8).  Alternatively, if the Court were to adopt the parties' prior stipulation (cf. Docket No. 55) Gipson's attorney had no objection against joining that stipulation (Docket No. 59, Atty. Affirm. ¶ 11).

In response, plaintiffs argue, first, that the Court should reconsider the imposition of sanctions generally (Docket No. 67, Pls. Responding Affirm. ¶ 2) or revisit the parties prior stipulation (id. ¶ 6).  They object to the Court's assessment of the percentage of liability for their motion to compel (id. ¶ 3).  The Order gave plaintiffs an alternative either to produce precise billing records for the time actually expended on their prevailing points in their omnibus motion (less those contentions that did not involve discovery issues) or have their general motion costs adjusted by the number of prevailing discovery issues (Docket No. 52, Order at 22-23).

Plaintiffs (Docket No. 67, Pls. Responding Affirm. ¶ 5 & n.1) and the County Defendants (Docket No. 65, County Defs. Reply Affid. ¶¶ 8-10) each agree (for purposes of these applications) not to contest the time expended or the rates charged by the respective attorneys, an apparent expression of the recent detente among counsel.  Although each party expressed doubts

about the accuracy of the amounts claimed by their opponents (see Docket No. 67, Pls. Responding Affirm. ¶ 5 (County Defendants' time charges seemed excessive for short motion to compel, but assured by defense counsel that time actually was expended); Docket No. 65, County Defs. Reply Aff. ¶¶ 9 (plaintiffs' time seemed excessive, but accepts plaintiffs' counsel's representation), 10 (choosing now not to object to $295 per hour rate for LaDuca[3], reserving right to do so later if a broader analysis is required)), the parties agreed either to accept the others' figures or to have the Court reconsider their earlier stipulation to drop the motions for cost recovery.  This arrangement is not helpful to the Court since it deprives the Court of the opponents' analysis to test the allegations made in each application.

*Parties' Submissions--Plaintiffs*

Finally, plaintiffs' counsel also submitted their motion expenses application affidavit (Docket No. 62).  In support of their prevailing motion, plaintiffs' four law firms provided declarations of their attorneys' time expended on these motions, totaling 168.35 hours, at various rates, for at total of $37,499.42 (Docket No. 62, Pls. Atty. Affirm.[4] ¶ 17).  Pursuant to this Court's Order reducing the reasonable recovery rate by two-thirds, plaintiffs seek only $12,374.81 (id. Pls. Atty. Affirm. ¶ 18).  Plaintiffs also seek travel and other expenses (such as photocopying and "research", see id. Pls. Atty. Affirm. Ex. F, Mason Decl., Ex. 1) for these

---

[3]Note, the County Defendants are silent as to the higher billing rates sought by plaintiffs for the Mason Firm, see infra.

[4]"Pls. Atty. Affirm." refers to Elmer Robert Keach, III's, covering affirmation, to distinguish from Mr. Keach's Declaration of his firm's expenses relative to their motion, Docket No. 62, Ex. C, hereinafter "Keach Decl., Ex. C".

counsel coming to the argument of the motion, for a total of $2,037.82.  The total claimed is $14,412.63 (id. Pls. Atty. Affirm. ¶ 20).

Plaintiffs' counsel is from Amsterdam, New York; New York City; and Washington, D.C. (see id. Pls. Atty. Affirm. ¶ 1).  Mr. Keach claims an hourly rate of $185 per hour, as the customary rate in the Northern District of New York for civil rights litigators with similar experience, and the rate claimed by the partners for the County Defense counsel (id. Keach Decl., Ex. C, ¶ 4).  Charles LaDuca, from Washington, D.C., claims an attorney fee rate of $295 per hour, as a customary rate for partners of similar experience in the District of Columbia (id. Ex. D, LaDuca Decl. ¶ 4).  Gary Mason, president of his firm (id. Ex. E, Mason Decl. ¶ 1) in Washington, D.C. (see Docket No. 1, Compl. ¶ 24), seeks an hourly rate of $420 per hour for himself, his partner's rate of $340 per hour, and an associate's rate of $220, all customary for the District of Columbia (Docket No. 62, Pls. Atty. Affirm., Ex. D, Mason Decl. ¶ 4).  Finally, plaintiffs produced the declaration from Jason Rozger of New York City (see Docket No. 1, Compl. ¶ 23), for the time he and his firm expended in drafting the intervention complaint (Docket No. 62, Pls. Atty. Affirm. Ex. F, ¶ 2), seeking a reduced lodestar of $416.67 based upon an hourly rate of $250 per hour for a 1996 law school graduate practicing in New York City (id. ¶¶ 4, 2).

However, the Court's Order (Docket No. 52, at 22-23) awarded sanctions for the discovery motions and denied such relief for the non-discovery motions contained in plaintiffs' omnibus motion such as the motion to intervene.  The Court discussed separately plaintiffs' motion for leave to amend to allow intervention (id. at 23-26) and in fact **denied** that motion. Even if there was a basis under Rules 15 or 24 for awarding motion costs to the prevailing party

(which does not exist), plaintiffs <u>did not prevail</u>.  Thus, Mr. Rozger's attorney fee are **excluded** from consideration for plaintiffs' award.

### DISCUSSION

I.      Standard

Under Rule 37, each movant is entitled to <u>reasonable</u> costs and attorneys' fees.  "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A <u>Federal Practice and Procedure</u>, <u>supra</u>, § 2288, at 666-67; <u>see also</u> <u>Addington v. Mid-American Lines</u>, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount an attorney bills his or her client related to discovery or a motion to compel (even if paid by that client) does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses.  <u>See</u> <u>Kahn v. General Motors Corp.</u>, No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).  The reasonable rate is determined by the standard prevailing in this District.  This is particularly applicable to plaintiffs' counsel, who has remaining claims from attorneys based in the District of Columbia and the Northern District of New York.

Given the potential conflict that arose from counsels' previous stipulation to waive costs against each other (<u>see</u> Docket No. 56), the repeated requests that the Court adopt that stipulation as its Order, and the usual concern for determining the reasonable amount of motion costs for discovery sanctions, the Court closely scrutinized counsels' applications.  Counsel, however, was not helpful in their responses to their opponents' applications, since each side choose not to critique the others' submissions.  This further reveals the potential inherent conflict of interest

between counsel here and their clients with the sanctions being imposed upon counsel and payable to the opposing clients.  Counsel have an obligation to zealously advocate for the interest of their client, see DR 7-101(A)(1); 22 N.Y.C.R.R. § 1200.32(a)(1), here by challenging the claimed time expended or rates charged for legal services rendered relative to these motions. Instead, counsel all agreed to accept as reasonable the amounts claimed by the other counsel, ultimately as an approximate wash (see Docket No. 65, County Defs. Reply Aff. ¶ 11).

Plaintiffs protest that sanctions should not be imposed without providing the parties with notice or an opportunity to be heard on the sanctions (Docket No. 62, Pls. Atty. Affirm. ¶ 7).  But the Court has provided notice in its Order that considered the parties' discovery motions. The Court furnishes the opportunity to be heard either by considering the written submissions or by conducting an oral hearing, Fed. R. Civ. P. 37 adv. comm. note (1993); 7 Moore's Federal Practice § 37.23[5], at 37-51 & no. 40, § 37App.07[2], at 37App.-21 (3d ed. 1997).  Further, under Rule 37(a)(4) after the Court determines the motion the Court "shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay" the opponent's reasonable motion expenses, see Fed. R. Civ. P. 37(a)(4)(A), see also id. R. 37(a)(4)(B), (C).  The parties have been heard, first, in the submission of their motion cost applications, second, in the counsels' stipulation (see Docket No. 55), and, third, the October 19, 2005, status conference where the parties discussed reconsideration of that stipulation (see Docket No. 58).  While there was no oral argument of the amount and direction sanctions were imposed, there is sufficient discussion in this record for the Court to consider the award of costs.

II.     Reconsideration of the Counsels' Stipulation

Gipson's application (Docket No. 59, Atty. Affirm. ¶ 11), plaintiffs' application (Docket No. 62, Pls. Atty. Affirm. ¶ 21), and the County Defendants' response (Docket No. 65, County Defs. Reply Aff. ¶¶ 11-12, 14) each suggest what was raised during the October 19, 2005, conference, that the Court should reconsider its decision not to adopt the counsels' stipulation to waive costs (see Docket No. 55).  Parties contended in the October 19, 2005, status conference that their expenses may have been nearly equal and that the award of sanctions would appear to be futile (see also, e.g., Docket No. 65, County Defs. Reply Aff. ¶ 13).  In fact, defendants seek a total of $15,723.50, while plaintiffs seek $13,995.96, less Rozger's claimed time.  Regardless, whether the amounts sought are close to equal is immaterial; as previously noted in declining to accept their stipulation (Docket No. 56, Order at 4, 6), the sanction of recovering a party's costs is to the benefit of their respective clients and not to counsel.  Even if counsel here in effect exchange checks, the proceeds from those checks would go not to the attorneys but to their clients to reimburse them for the costs incurred (or expected to be incurred, in the case of contingent fee arrangement) in making or defending these discovery motions.  Furthermore, the imposition of sanctions in this case provides a deterrence to the bar in general and to the counsel in this case in particular to avoid similar conduct before the Court, see National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam) (see also Docket No. 56, Order, at 3-4).

After further consideration following that conference and the parties' submissions herein, the Court **continues** to decline to so order that stipulation. (See Docket No. 56.)

10

III.    Substantial Justification

Plaintiffs argue that their motions were made with substantial justification, thus avoiding any sanction under Rule 37(a)(4) (Docket No. 62, Pls. Atty. Affirm. ¶ 6; Docket No. 67, Pls. Responding Affirm. ¶ 4).  The County Defendants, for their part, agree that plaintiffs' position was not frivolous so as to require sanctions (Docket No. 65, County Defs. Reply Aff. ¶ 5) and, as for their motion, they contend that their earlier positions were taken in good faith (id. ¶ 6). Plaintiffs' counsel contends that the impact of the County Defendants' sanctions would be imposed upon Mr. Keach as a solo practitioner, as he was the attorney who was the proponent of the motion papers at issue, where this possibility was broached in a one-line request in defendants' motion and was not argued before the Court (see Docket No. 62, Pls. Atty. Affirm. ¶¶ 5, 7).  He concludes that the fee award against him may total over $30,000 (id. Pls. Atty. Affirm. ¶ 7) and he contends that an award at that amount would be excessive.

During the September 20, 2005, argument, the Court noted that parties were seeking Rule 37 sanctions without any party disclaiming that relief.  The amount actually sought against plaintiffs' counsel, however totals more than $15,700 (or one-third of over $23,000), rather than the $30,000 plaintiffs' counsel feared before seeing the submission (and before this Court's review of that fee application).

Under Rule 37(a)(4), if a motion to compel is granted or denied in its entirety, the sanction of motion costs "shall" be imposed "unless the court finds that the making of the motion was substantially justified or the other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(4)(A), (B).  Where a motion to compel (as here) is granted in part and denied in part, "the court may, after affording an opportunity to be heard, apportion the reasonable

expenses incurred in relation to the motion among the parties and persons in a just manner." <u>Id.</u>
R. 37(a)(4)(C).  Thus, the rule is to impose sanctions unless otherwise justified (either by the
loser's position or other circumstances).  There is a rebuttable presumption in favor of imposing
cost-shifting sanctions for the successful discovery motion, <u>see</u> 7 <u>Moore's Federal Practice</u>,
<u>supra</u>, § 37.23[1], at 37-41.

    Determination of whether making the motion was substantially justified goes to the
objective reasonableness of making or defending positions in motion practice.  <u>See</u> 7 <u>Moore's
Federal Practice</u>, <u>supra</u>, § 37.23[2], at 37-44 (subjective good faith of losing party is not
sufficient to defeat motion for sanctions); <u>see also</u> <u>Bowne of New York City, Inc. v. AmBase
Corp.</u>, 161 F.R.D. 258, 262 (S.D.N.Y. 1995).  This requires the Court to re-examine each parties'
arguments to determine if they were substantially justified, and whether reasonable attorneys
could genuinely differ on whether to produce, <u>see</u> 8A <u>Federal Practice and Procedure</u>, <u>supra</u>,
§ 2288, at 665-66.  Rule 37(a)(4) was intended to address abusive discovery motion practice,
such as motions when no genuine dispute exists or frivolous requests for or objections to
discovery.  Fed. R. Civ. P. 37 adv. comm. notes (1970); <u>see</u> 7 <u>Moore's Federal Practice</u>, <u>supra</u>,
§ 37App.03[2], at 37App.-9.

    Plaintiffs argue that they prevailed in part in opposing defendants' motion to compel.
Hence, their opposition was substantially justified and did not warrant sanctions (Docket No. 62,
Pls. Atty. Affirm. ¶¶ 13-15).  They contend that the earlier Order here would sanction the
unsuccessful attorney who brought or opposed a prevailing discovery motion, contrary to
Rule 37(a)(4) (<u>id.</u> ¶ 12).  Since they prevailed in part on their own motion, plaintiffs believe that

they also are suffering by having sanctions imposed upon them for the portions of the motion in which they did not prevail, in violation of Rule 37(a)(4) (id. ¶¶ 9-11).

Rather, in assessing the parties respective motions, each prevailed in some sense and failed in other senses. These cases should have been assessed under Rule 37(a)(4)(C), regarding partial results, rather than under Rule 37(a)(4)(A) or (a)(4)(B) for absolute acceptance or rejection of the discovery relief. Rule 37(a)(4)(C) was used for the County Defendants' motion for a protective order regarding plaintiffs' contact with Sheriff's Department personnel, where relief was granted in part, but denied in part (Docket No. 52, Order at 34). Under that rule, the Court has the discretion to apportion the reasonable expenses incurred among the parties "in a just manner," Fed. R. Civ. P. 37(a)(4)(C), without the express exception that the objection raised was substantially justified or that other circumstances make such an award unjust; the "just manner" language seems to incorporate these two concepts.

Upon re-evaluating the contentions made regarding these motions, the Court finds that each movant or opponent here was substantially justified in their respective positions. Thus, under Rule 37(a)(4)(A) or (B), monetary sanctions are not warranted; alternatively under Rule 37(a)(4)(C), the Court now determines that each party should bear its own costs (see Docket No. 52, Order at 34); see Payne v. Howard, 75 F.R.D. 465, 472 (D.D.C. 1977). While practically reaching the same result as the proposed stipulation to waive costs against their counsel, this finding differs from adopting that stipulation because it makes a finding as to the justifications for this particular motion practice. If a future instance of motion practice similar to these motions were to be filed and argued, the Court may find that one party (or all parties) lacked substantial justification in persisting in their argument or circumstances to excuse sanctions.

13

Even with the expressed best intentions of counsel going forward (<u>see</u> Docket No. 67, Pls.

Responding Affirm. ¶ 2; <u>see also</u> Docket No. 58), parties and counsel are cautioned to proceed

with zealous advocacy but without rancor and unnecessary and vexatious motion practice that

has been seen in past pretrial and motion practice.

## CONCLUSION

For the reasons stated above, each party shall bear their own costs relative to their

respective discovery motions.

So Ordered.

_____

s/HBS

Hon. Hugh B. Scott

United States Magistrate Judge

Dated: Buffalo, New York

      November 14, 2005