UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADAM PRITCHARD,
EDWARD ROBINSON,
JULENNE TUCKER,
both individually and on behalf of a class
of others similarly situated,                                          **Hon. Hugh B. Scott**

                                   Plaintiffs,                              04CV534C

                                                                            **Order**

                             v.


        THE COUNTY OF ERIE, et al.,

                                   Defendants.


        Before the Court is plaintiffs' motion to discontinue class claims of plaintiff Julenne

Tucker ("Tucker") and plaintiffs' counsel's motion for leave to withdraw as Tucker's counsel, as

well as seeking an Order to allow Tucker to pursue his claims separately pro se (Docket Nos. 68,

70).  Previously, this Court ordered that a class certification motion be filed on or before

December 20, 2005 (see Docket No. 52, Order[1] at 26, 36).  As a result, briefing on plaintiffs'

motion regarding Tucker was expedited:  responses to this motion (including from Tucker) were

due by November 28, 2005; any reply was due by December 12, 2005, with the motion to be

deemed submitted (without oral argument) on December 12, 2005 (Docket No. 69).

        Presently, plaintiffs' counsel has applied by letter (letter dated November 30, 2005) to

have an attorney's affirmation filed under seal.  Counsel first attempted to have this document

---

[1]Familiarity with this Order, and related proceedings with that Order, is presumed.

filed with the Court Clerk but the document was returned to counsel by the Clerk because counsel did not seek the Court's permission to file under seal.

## BACKGROUND

This is a potential class action commenced by three plaintiffs who formerly were incarcerated in the Erie County Holding Center or the Erie County Correctional Facility for non-felony offenses.  They each allege that they were strip searched while in County custody in 2003-04 (Docket No. 1, Compl. ¶¶ 3-5).  Plaintiffs allege that they represent a class consisting of others who were similarly strip searched, from July 22, 2001, while entering either the Holding Center or the Correctional Facility regardless of the offense charged against them (see Docket No. 1, Compl. at 1-2, ¶ 15).

Defendants[2] sought discovery from plaintiffs (including Tucker) and this Court (in relevant part) granted their motion to compel production from Tucker (Docket No. 52, Order at 7-10; see Docket Nos. 16 (County Defendants' motion), 22 (defendant Gipson's motion)).  As for Tucker, one of plaintiffs' counsel stated that he had difficulty contacting him and suggested in plaintiffs' response to defense motions that Tucker's claims as a class representative (Docket No. 25, Pls. Atty. Affirm. ¶ 10 n.1) (and generally, see Docket No. 33, Pls. Atty. Aff. ¶ 10) may be dismissed once counsel contacted Tucker.  In granting defendants' motion, the Court ordered that plaintiffs either produce discovery and disclosure materials as to Tucker or move to withdraw his claims (Docket No. 52, Order at 10).

---

[2]The County of Erie, its former Sheriff Patrick Gallivan, present Sheriff Timothy Howard, and various Sheriff's Department officials responsible for management of the Erie County Holding Center and the Erie County Correctional Facility.

Plaintiffs next filed the present motion, seeking to discontinue Tucker as a class representative (Docket No. 68).  Plaintiffs' counsel also seeks to withdraw from representing Tucker and seeks an Order to allow Tucker to proceed separately pro se (Docket Nos. 68, 70).  Plaintiffs contend that Tucker was not cooperative with class counsel.  Tucker declined counsel's offer to withdraw him as a class representative and to allow him to remain in the case as a mere class member.  Instead, Tucker insisted that plaintiffs' counsel continue to represent him individually.  Plaintiffs' counsel declined to do this.

In addition to the publicly filed motion papers, plaintiffs' counsel also attempted to submit an attorney's affirmation under seal outlining why they should be granted leave from representing Tucker.  Plaintiffs' counsel did not apply to this Court to submit this affirmation under seal.  See W.D.N.Y. Loc. Civ. R. 5.4(b).  The purported sealed affirmation was returned to counsel to submit with an application setting forth the reasons for sealing and with a proposed Order authorizing the sealing.  Plaintiffs' counsel then submitted its November 30 letter requesting to file under seal, arguing that the affirmation details counsel's conversations with Tucker and those conversations were attorney-client privilege.  Counsel left it to this Court's discretion whether to file this affirmation under seal or not.  (Letter of Pls. Counsel to Chambers, Nov. 30, 2005.)

## DISCUSSION

*Filing Under Seal*

Plaintiffs' counsel conclude their November 30, 2005, letter by asking for direction as to the precise procedure needed to file a document under seal.  This Court recognizes that "there is a presumption that Court documents are accessible to the public and that a substantial showing is

necessary to restrict access," W.D.N.Y. Loc. Civ. R. 5.4(a).   That local rule sets forth the

applicable procedure for requesting to file a document under seal, id. R. 5.4(b).   Upon the proper

showing, a document may be filed under seal.   Either upon motion or the Court's own initiative,

an Order may be entered to seal that item.   "A party seeking to have a document . . . sealed shall

submit an application, under seal, setting forth the reasons for sealing, together with a proposed

order for approval by the assigned Judge.   The proposed order shall include language in the

'ORDERED' paragraph stating the referenced document(s) to be sealed."   Id.   Upon approval of

the sealing Order, the Court Clerk seals the document.   Upon denial of that application, the Court

Clerk notifies the party and the party has five business days to decide whether to withdraw the

item or to appeal the denial of the sealing application.   Id.   "If the party fails to withdraw the

document(s) or otherwise appeal after the expiration of five business days, the document(s) shall

be filed by the Clerk and made a part of the public record."   Id.

     Here, plaintiffs' counsel merely wrote to chambers and submitted a copy of the

affirmation they wish sealed without a proposed Order.   Nevertheless, and given the timing of the

underlying motion (and potential class certification motion), the Court will deem this letter to be

an application.   In that letter, the only reason given for its sealing is that it discusses attorney-

client communications.   In reviewing that portion of counsel's affirmation that involved his

communications with Tucker, it does not disclose anything defense counsel could not ascertain

from its assessment of any of the individual plaintiff's claims.   Given the presumption of public

access to documents and the substantial showing necessary to overcome that presumption, see

W.D.N.Y. Loc. Civ. R. 5.4(a), plaintiffs' counsel has not made that substantial showing for filing

counsel's affirmation under seal.

**CONCLUSION**

For the reasons stated above, plaintiffs' counsel's application to file an attorney's affirmation under seal relative to their pending motion (see Docket No. 68, as amended Docket No. 70, to discontinue the class claims of plaintiff Julenne Tucker and other relief) is **denied**. Plaintiffs' counsel may appeal this decision or withdraw the affirmation within five (5) business days, absent either action, the Court Clerk is instructed to file the affirmation.

So Ordered.

s/HBS

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       December 6, 2005