UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADAM PRITCHARD, et al.,

           Plaintiffs,

                      **Hon. Hugh B. Scott**

           v.                   04CV534C

                      **Order**

THE COUNTY OF ERIE, et al.,

           Defendants.

      Before the Court is a follow up from plaintiffs' omnibus motion (Docket No. 25), including a motion seeking <u>in camera</u> inspection of documents listed in the County Defendants'[1] privilege log (<u>see</u> Docket No. 52, Order, at 15; Docket No. 25, Pls. Atty. Aff. Exs. M, N; Docket No. 30, County Defs. Atty. Affirm. Ex. D).  The Court previously ordered (Docket No. 52, familiarity with which is presumed) that the County Defendants produce for <u>in camera</u> inspection documents identified in their privilege log (<u>id.</u> at 21-22).  The County Defendants produced for <u>in camera</u> inspection the documents identified in the privilege log on December 21, 2005, with <u>in camera</u> declarations from the Assistant County Attorney who is prosecuting this case (Kristin Klein Wheaton) and the former Assistant County Attorney who generated many of the privileged documents (Kristin Baudo Machelor).  The documents consist of e-mails and attachments from

---

[1]The "County Defendants" consist of Erie County, its former and present Sheriffs and named Sheriff's Department officials who were allegedly responsible for the Erie County Holding Center and the Erie County Correctional Facility, all of the defendants in this action save defendant Gipson (who is separately represented).

Machelor to individual County Defendants and other Sheriff's Department officials and similar communications from those officials to her. The County Defendants argue that these documents are privileged as attorney-client communications advising the client Erie County Sheriff and the Sheriff's Department. At least two documents (EC-C-00221, 00250) defendants claim attorney work product in anticipation of litigation privilege as well as attorney-client privilege, the first from Machelor and the second to Wheaton from a Sheriff's Department official. Machelor emphatically denies having any authority to make policy for the Sheriff's Department (Machelor In Camera Decl. ¶ 5).

## DISCUSSION

The party asserting the attorney-client privilege bears the burden of proving that the privilege applies. Mobil Oil Corp. v. Department of Energy, 102 F.R.D. 1, 9 (N.D.N.Y. 1983).

Following in camera inspection, as the County Defendants alleged initially in response to plaintiffs' motion (cf. Docket No. 52, Order at 21), many of the documents listed in the privilege log produced to the Court either seek legal advice or is legal advice or opinions rendered by legal counsel or are work product. Some (involving Wheaton, EC-C-00229-50) directly involve requesting representation in this action or investigation of the facts in this case. As such, the attorney-client privilege applies to these documents. Therefore, following this in camera inspection, plaintiffs' motion (as implied as part of plaintiffs' omnibus motion (Docket No. 25)) seeking production of these privileged documents is **denied**.

But a number of other documents, either written by Machelor or sent to her, go beyond rendering "legal analysis" as characterized in the privilege log and in her in camera declaration. In some of these documents, Machelor proposes changes to existing policy to make it

constitutional, including drafting of policy regulations (e.g., EC-C-00161). One e-mail from defendant Gallivan states that the policy was revised in consultation with legal counsel (EC-C-00108). A later e-mail from Machelor advises Gallivan to not wait for his chiefs to act but to implement changes in the policy as soon as possible (EC-C-00119). What is more troubling are the correspondence from counsel <u>following</u> enactment of the new policy. There, Machelor is advocating to administrative and executive officials within the Sheriff's Department to take steps to implement the new policy (such as acquiring equipment, training personnel) (e.g., EC-C-00126, 00206), inspecting one facility and commenting upon its compliance with the new policy (e.g., EC-C-00204), and urging Sheriff's Department officials to implement changes as soon as possible (e.g., EC-C-00126).

In this Court's earlier Order (Docket No. 52, at 22), and as noted during oral argument of plaintiffs' omnibus motion, the Court raised the concern about the dual role of the County Attorney as policy advisor and legal advisor/advocate. This distinction may be clearer in the private sector context, where courts have held that an in-house counsel with business decision making authority (for example, a vice-president and general counsel) had the added burden of establishing that her advice to her corporate client was legal advice to enjoy attorney-client privilege, rather than business advice which was beyond the privilege. See <u>Ames v. Black Entertainment Television</u>, No. 98 Civ. 0226, 1998 U.S. Dist. LEXIS 18053, at *21-22, *23 (S.D.N.Y. Nov. 18, 1998) (denying motion to compel where privilege was asserted for general counsel's testimony over legal advice, in investigating an employee); <u>see also</u> <u>Mobil</u>, <u>supra</u>, 103 F.R.D. at 10 (unclear if defendant agency attorney was acting as an attorney for particular document, denying attorney-client privilege).

From review of the in camera documents, that dual role here becomes readily apparent and the distinction between the legal (and privileged) from the policy making (and not privileged) roles have become blurred.  Despite her denial, Machelor's drafting and subsequent oversight of implementation of the new strip search policy ventured beyond merely rendering legal advice and analysis into the realm of policy making and administration.  As a result, the following in camera documents are **not** subject to the asserted attorney-client privilege and should be **produced** to plaintiff:  EC-C-0014-30, 0060, 00108, 00119, 00126-53, 00161-79, 00180-81, 00204-20, 00223-25, 00227.  In these documents, no legal advice is rendered or rendered apart from policy recommendations.  As noted in Mobil, the County Defendants here "failed to show that the information was being communicated for the purpose of primarily securing legal advice, opinion, services or assistance," 102 F.R.D. at 13.  Just because an attorney drafts a policy statement does not render that statement attorney-client communication.  The privilege applies only if the attorney in that instance is acting as an attorney and not in some other role, such as policy maker, see Mobil, supra, 102 F.R.D. at 9, 10 (quoting Colton v. United States, 306 F.2d 633, 637 (2d Cir. 1962)).

The remaining documents identified in the privilege log constitute attorney-client communications subject to the privilege and need not be produced.  Counsel for the County Defendants shall make arrangements to retrieve from Chambers the in camera documents.  They

may also consider filing the <u>in camera</u> declarations submitted in support of retaining the attorney-client privilege to preserve the record on any subsequent appeal.

 So Ordered.

<i>/s/ Hugh B. Scott</i>
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
  January 4, 2006