UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADAM PRITCHARD,
EDWARD ROBINSON,
JULENNE TUCKER,
both individually and on behalf of a class of
others similarly situated,

         Plaintiffs,

**Hon. Hugh B. Scott**

04CV534C

**Order**

v.

THE COUNTY OF ERIE, et al.,

         Defendants.

  Before the Court is plaintiffs' latest motion to compel, namely the continued deposition of certain County Defendants'[1] witnesses and of defendant H. McCarthy Gipson[2], as well as the deposition of two new County Defendants' witnesses and the costs for their continued examinations (Docket No. 86). Plaintiffs subsequently moved for extensions of time to complete class certification discovery, case-in-chief discovery, and the motion return date for the class certification motion (Docket Nos. 97, 98[3]).

---

[1] As previously described in other Order, former Sheriff Gallivan, current Sheriff Howard, Sheriff's Department officials Huggins and Livingston, and the County of Erie.

[2] Defendant Gipson (and not "Gibson" as plaintiffs repeatedly refer to him as, cf. Docket No. 86) was an administrator in the Sheriff's Department, separately represented in this action; he is now the City of Buffalo's Police Commissioner.

[3] Filed due to ECF error with earlier motion.

**BACKGROUND**

This is an action alleging that Erie County and its Sheriff's Department conducted unconstitutional strip searches of non-felony detainees, including plaintiffs, without reasonable cause. Plaintiffs are three individuals who allegedly were so searched in 2003 and 2004, and now claim that they represent a class of similarly situated persons who were illegally searched from July 2001 to the present.

*Motion to Compel*

Presently, plaintiffs move to compel either continued examinations or to allow new examinations of Sheriff's Department personnel, essentially as follow up to document demands (including privileged documents, see Docket Nos. 78, 79, 80, 84) (Docket No. 86, Pls. Atty. Affirm. ¶ 6), and recently produced documents (see Docket No. 86, Pls. Atty. Affirm. ¶¶ 3-5). This case has had extensive motion practice, in particular surrounding discovery[4]. Currently pending are the County Defendants' objection to this Court's Order to compel production of certain privileged documents, Docket No. 79, see Docket No. 78, Order.

The Court established the briefing schedule for this motion, with responses due by February 28, 2006, and any reply by March 7, 2006, with the motion then deemed submitted without oral argument on March 7, 2006 (Docket No. 89).

*Motion for Extensions of Time*

The Court issued a Scheduling Order on February 23, 2005 (Docket No. 13), which set deadlines for two types of discovery. First, class certification discovery was to be completed (as

---

[4]See Docket Nos. 16, 22, 25, 40, 79, 80 (motions); see also Docket No. 70; cf. Docket Nos. 52, 53, 78, 84 (orders). Included with this motion practice was ancillary motion practice surrounding motion costs for some of the discovery motions, Docket Nos. 55-62, 65, 71.

subsequently amended) by January 30, 2006 (Docket No. 75), and second, regular case-in-chief fact and expert discovery, to be completed by April 6, 2006 (Docket No. 13).  Good cause was shown for this extended discovery schedule (Docket No. 13).

Initially, class certification discovery was to be completed by August 23, 2005, with the class certification motion filed by September 23, 2005, Docket No. 13, Scheduling Order ¶ 2. While the parties' first round of discovery motions were pending (see Docket Nos. 16, 22, 25), the parties stipulated to extend the time for the class certification motion, to October 27, 2005 (Docket No. 27).  The Court's Order that ruled on the first round of discovery motions also extended the class certification motion to December 20, 2005, as the final extension of that deadline (Docket No. 52, Order at 26).  The Court expressly stated that the December 20 extension was "generous enough to make the motion [for class certification] while not dependent upon the vagaries of document production.  This, however, will be the last extension of the class certification deadline" (id.).  The Court concluded that "whatever plaintiffs glean from the booking sheets they receive (and other discovery they obtain) should be sufficient to put together a motion to certify their proposed class."  (Id.)

Unfortunately, that did not turn out to be the case; further extensions were granted.  The parties jointly stipulated to extend the class certification discovery and filing of the certification motion (Docket No. 75).  The former was due by January 30, 2006 (the current deadline), and the latter by February 2, 2006 (Docket No. 75).  Plaintiffs wrote on January 30, 2006 (see Docket No. 91, County Defs. Atty. Affirm. Ex. B), seeking a further extension of the deadline for their class certification motion.  The Court granted that request, giving plaintiffs forty-five days to make their motion, or by Monday, March 20, 2006 (Docket Nos. 82, 83).  The deadline to file a

class certification motion was further extended by one day, to Tuesday, March 21, 2006 (Docket No. 102, Order of Friday, March 17, 2006).

At first, no party following plaintiffs' present motion to compel moved to extend the discovery for the case-in-chief deadline, although the County Defendants suggest in their response that this deadline may need to be changed in light of the extensions granted for plaintiffs' class certification motion (see Docket No. 91, County Defs. Atty. Decl. ¶ 28) and plaintiffs in reply also indicated that they may so move (Docket No. 93, Pls. Atty. Reply Affirm. ¶ 9).

Plaintiffs now move for the extension of the class certification discovery and the class certification motion deadlines making these dates dependent upon when Judge Curtin rules on the County Defendants' objections to the privilege Order, with class certification discovery to be completed within thirty days after Judge Curtin rules, and the class certification motion due within sixty days of that Decision & Order (Docket Nos. 97, 98).  Plaintiffs also request that discovery in the case-in-chief conclude by August 6, 2006.  Plaintiffs' counsel notes defense objections to these extensions (Docket No. 97, Pls. Atty. Affirm. ¶ 2; see generally Docket No. 100, County Defs. Atty. Reply Affirm.; Docket No. 101, Gipson Atty. Affirm.), but plaintiffs make this motion to complete their discovery in light of pending discovery regarding the sought privileged documents and the depositions sought in the motion to compel (Docket No. 97, Pls. Atty. Affirm. ¶¶ 4-9).

All defendants strenuously object to granting plaintiffs additional time, given plaintiffs' delay in conducting discovery and the impact of prior Orders concluding class certification

discovery (see generally Docket No. 100, County Defs. Atty. Reply Affirm.; Docket No. 101, Gipson Atty. Affirm.).

Rather than delay this decision by a lengthy briefing schedule, and given the interrelationship between the discovery motion and the motion to extend time, the motion for extension of time was considered with plaintiffs' motion to compel and defendants were given until March 16, 2006, to respond (Docket No. 99), which they did (Docket Nos. 100, 101).

### DISCUSSION

I.   Motion to Compel Depositions

Plaintiffs contend that this discovery is for both their class certification motion and for the case-in-chief, making their demands timely as main discovery requests.  Defendants argue that plaintiffs had conducted little to no discovery related to their class certification motion in the last few months and that this Court's Order extended the deadline for **that motion** and expressly did not extend the discovery for it (Docket No. 91, County Defs. Atty. Affirm. ¶¶ 7, -8, 26; Docket No. 92, Gipson Atty. Affirm. ¶¶ 4-7).  Since the January 30, 2006, deadline for class certification discovery has passed, all defendants conclude that plaintiffs' present motion is time barred (Docket No. 91, County Defs. Atty. Affirm. ¶ 26; Docket No. 92, Gipson Atty. Affirm. ¶ 7).  The County Defendants contend that no one was expected to complete discovery in the case-in-chief at the deadline set, with extensions for the class certification motion to be now just one month away (Docket No. 91, County Defs. Atty. Decl. ¶ 28).

Plaintiffs contend that these depositions are tied to documents either that defendants belatedly produced or refused to produce as part of their claimed privilege (currently subject to appellate objections pending before Judge Curtin) (e.g., Docket No. 93, Pls. Atty. Reply Affirm.

5

¶¶ 4-7). They argue that defendants claim that Judge Curtin's order staying discovery relative to the privilege documents on appeal (Docket No. 84; see Docket No. 80, County Defendants' motion seeking stay of discovery pursuant to this Court's order, Docket No. 78, relative to the privilege log documents) was a global stay of factual discovery in this case (see Docket No. 93, Pls. Reply Affirm. ¶¶ 7, 9; cf. Docket No. 92, Gipson Atty. Affirm. ¶ 27, Ex. C). There was no general stay of discovery (either fact discovery or "post-certification discovery" as termed by defendants (cf. Docket No. 92, Gipson Atty. Affirm. ¶ 31; see also Docket No. 91, County Defs. Atty. Affirm. ¶ 29 (arguing that fact discovery should only occur after decision on a class certification motion)), or class certification or "pre-certification" discovery) issued by the Court[5].

The Court, when it issued the initial Scheduling Order, noted that good cause existed for the extended discovery schedule imposed in that Order and declared that further extensions of that generous schedule would **not** be granted even for good cause shown (Docket No. 13, Order of Feb. 23, 2005, at 1, 2). Note, plaintiffs are represented by four out of town law firms plus local counsel; defendants are ably represented by some of the larger firms in this city, with separate counsel for one defendant. The discovery required for the case-in-chief could have been completed within the deadline set (even if the parties show good cause for an extension), in part because much of it was produced in response to the class certification issue. But, as previously noted, discovery has been dragged out and contentious.

---

[5]The Court in setting the Scheduling Order in this case did not distinguish between pre-certification and post-certification discovery nor did it contemplate that the parties would engage exclusively in class certification discovery or not conduct other discovery (whether or not plaintiffs move successfully for class certification).

      A.      Compel Continued Deposition

Plaintiffs seek to continue the examinations of defendants Gipson, Livingston[6], and Howard, and Glenn Isch (or Ishe, as identified by plaintiffs, see Docket No. 86, Pls. Atty. Affirm. ¶ 8), a lieutenant in the Sheriff's Department.  Defendants argue that the original class certification schedule closed discovery days after plaintiffs sought to resume these examinations.  Plaintiffs reply that these depositions were held off while parties negotiated a possible settlement (Docket No. 97, Pls. Atty. Affirm. ¶ 8).

The Court originally did not extend the discovery deadline relative to plaintiffs' class certification motion.  But plaintiffs request for additional time for the class certification motion (see Docket No. 91, County Defs. Atty. Affirm. Ex. B) was based upon pending discovery not being available to include in their motion (Docket No. 93, Pls. Atty. Reply Affirm. ¶ 8).  Plaintiffs' discovery here also goes to the case-in-chief, which concluded in April 2006.  The original Scheduling Order anticipated overlapping discovery for the case-in-chief and for class certification.  But, given this Order's extension of both class certification and main discovery, defendants' arguments about timeliness is moot and plaintiffs' motion is **granted**.

Defendants argue that plaintiffs were dilatory in seeking to conclude these depositions (see Docket No. 91, County Defs. Atty. Affirm. ¶¶ 19- 21, 26).  Plaintiffs countered that defendants revealed documents belatedly that lead to this renewed interest in questioning the parties and witnesses (Docket No. 93, Pls. Atty. Reply Affirm. ¶¶ 4-8).  This argument does

---

[6]Plaintiffs now withdraw their request to continue defendant Livingston's examination, Docket No. 93, Pls. Atty. Reply Affirm. ¶ 12 n.2, but reserved the right to reopen this request following the Court's decision on defendants' objections to the order compelling production of the privilege log documents.

suggest that the time to conduct these examinations should be brief. Therefore, within the time for completing discovery set forth in this Order, plaintiffs have forty-five (45) days to conduct these examinations. Neither party should wait until the last day to commence these examinations either to preclude them or to drag out this part of the discovery process.

   B.  Compel New Deposition

   Plaintiffs served deposition notices for Jeffrey Hartman, Robert Huggins, and Gerry Kowalsczyk, Sheriff's Department employees (Docket No. 86, Pls. Atty. Affirm. ¶ 8). Defendants object that plaintiffs had not identified these witnesses before, and now do so out of time under the earlier schedule for class certification discovery. As stated above for the continued depositions, with this Order's new deadlines for completing discovery (see infra), plaintiffs' notices of these new witnesses are timely. Plaintiffs' motion as to these witnesses are **granted**.

II.  Costs for Continued Depositions

   Plaintiffs also seek the expenses associated with continuing the examinations of the County Defendants' witnesses (such as court reporters, travel costs and other reasonable expenses) (Docket No. 86, Pls. Atty. Affirm. first ¶ 13). Plaintiffs cite no authority for such relief, save defendants' agreement to pay these expenses following the late disclosure of three e-mail documents. Rule 37(a)(4)(A) allows a successful movant to recover its **motion** expenses when it has to make a motion to compel; there is no provision for awarding the movant what would be its costs in continuing the deposition. But the parties stipulated to have defendants pay the costs of the continued examinations based upon defendants' belated production of documents. The County Defendants expressed their willingness to "incur reasonable costs with

any additional testimony related to Isch, Howard or [Gipson] as they relate to" three documents lately produced to plaintiffs (Docket No. 86, Pls. Atty. Affirm. Ex. SIX, letter of Domalgalski to pls. counsel, Nov. 14, 2005, at 2). If the parties wish to agree to this cost shifting (to avoid, for example, a further motion for sanctions for failure to produce the belated documents) that is up to them. But absent such a written stipulation, cf. Fed. R. Civ. P. 29, the Court cannot impose those expenses; plaintiffs' motion on this point is **denied**.

III.    Extensions of Time

When the Court extended time for the class certification motion and agreed to the parties' earlier stipulation regarding that schedule, it was anticipated that the parties would complete class-based discovery and plaintiffs then would proceed to make their motion. Particularly, the February 2, 2006, Order (Docket No. 82, see Docket No. 83) presumed that discovery related to the class certification motion was near completion and did not require the time for full blown case-in-chief discovery. But that Order did not expressly reject plaintiffs' request to extend class certification discovery.

The discovery issues arising in a class certification motion, see Fed. R. Civ. P. 23(a), (b), on the commonality of claims, the typicality of claims of class members and by the representative class members, numerosity of class members, the common action of defendants against plaintiff class members, common questions of law or fact predominate, should have been addressed by the documents and other evidence produced. The outstanding items, the privilege log documents and the further depositions at issue in the present motion to compel and the objections before Judge Curtin, certainly could add to the motion to certify the class but were not essential. The

class certification motion is determining the existence of a class as of the date that motion is considered, a snapshot of whether a class exists and, if so, its composition.

The Court possesses the authority to decertify or modify a class that proves unmanageable, see In re Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283, 321 (3d Cir. 1998); In re Safety Components, Inc. Secs. Litig., 166 F. Supp. 2d 72, 91 (D.N.J. 2001), hence further discovered material may change the nature, composition or even the existence of a class. Plaintiffs, as parties invoking Rule 23, have the burden of showing that all class prerequisites have been met. See 7A Charles A.. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1759, at 122 (Civil 3d ed. 2005); W.D.N.Y. Loc. Civ. R. 23(f); see also Marriott v. Montgomery County, 227 F.R.D. 159, 171 (N.D.N.Y. 2005), aff'd by summary order, No. 05-1590, 2005 U.S. App. LEXIS 25428 (2d Cir. Nov. 22, 2005); McBean v. New York City, 228 F.R.D. 487, 491-92 (S.D.N.Y. 2005), but the factual allegations in the Complaint (including the class allegations) are treated like a motion to dismiss and deemed to be true, see Maneely v. City of Newburgh, 208 F.R.D. 69, 72 (S.D.N.Y. 2002). "However, plaintiff is not required to make an extensive evidentiary showing." Marriott, supra, 227 F.R.D. at 171; Verdow v. Sutkowy, 209 F.R.D. 309, 311 (N.D.N.Y. 2002). Further, as noted by the Northern District of New York court in Marriott, "courts are implored to construe liberally the Rule 23 requirements," Marriott, supra, 227 F.R.D. at 171, citing Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 563 (2d Cir. 1968); Verdow, supra, 209 F.R.D. at 311. Thus, the February 2, 2006, Scheduling Order on this point (Docket Nos. 82, 83) intended plaintiffs to go forward with what they have to establish as the existence and scope of their purported class and not upon every conceivable piece of evidence available to support their class claims.

Defendants vigorously argue that plaintiffs time to conduct discovery had run, that this Court's scheduling Orders were law of the case on plaintiffs repeated request to extend class certification discovery (e.g., Docket No. 101, Gipson Atty. Affirm. ¶¶ 3, 7, 20). They express the frustration in having plaintiffs move forward and make their class certification motion and making motions to extend at the eleventh hour (see Docket No. 100, County Defs. Atty. Reply Affirm. ¶¶ 12, 11). They point out that plaintiffs had conducted no class-based discovery from November 2005 to January 30, 2006 (id. ¶ 14; Docket No. 101, Gipson Atty. Affirm. ¶¶ 11, 21). The County Defendants also note that plaintiffs have not supplemented their initial Rule 26(a) disclosure until very recently with their present motions (Docket No. 100, County Defs. Atty. Affirm. ¶¶ 16-20).

Despite the brief era of good feelings and cooperation following the possibility of discovery sanctions upon counsel in the earlier round of discovery and disclosure motions, see Docket No. 58, new disputes have arisen or have been revived (including the present motion and the privilege documents objections and the County Defendants' objection to plaintiffs' failure to timely supplement their initial disclosure) that have delayed the anticipated speedy completion of discovery (both for the class certification and the case in general). The parties will require time once this Court decides these outstanding matters before a motion for class certification or case-in-chief fact discovery can be concluded. Plaintiffs have moved for extensions of time to push back discovery and the motion deadline in light of these disputes (Docket No. 97). Plaintiffs here are not "cavalierly disregard[ing]" this Court's Scheduling Orders, see Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (cf. Docket No. 101, Gipson Atty.

Affirm. ¶ 7), rather they seek extensions of those Orders at the eleventh hour, despite indications that no extensions will be given.

The Court must balance upholding its Orders and the schedule they impose with doing justice to the parties, especially with putative class members. Plaintiffs should not be rewarded by their counsel apparently sitting on their hands for months at a time not conducting necessary discovery or apparently readying class certification motion papers. But the reasons stated for the extension (Docket No. 97, Pls. Atty. Affirm. ¶¶ 5-7) go to the discovery issues that are the subject of plaintiffs' motion to compel, as well as defendants' pending objections. Rather than have claims potentially be dismissed as untimely sought and not reaching the underlying merits due to pending discovery disputes[7], an extension of time will be granted to (1) complete class certification discovery, in light of the disputes raised in this motion and in the privilege log objections; (2) complete discovery in the case-in-chief; (3) set the dates for motion for class certification; and (4) for dispositive motions. Plaintiffs' requested dates (cf. Docket No. 97), however, will not be adopted. Rather than tie the dates to when Judge Curtin decides the outstanding objections as plaintiffs seek (Docket No. 97, Notice of Motion ¶¶ 1-2), definitive extension dates will be set, which are more generous that what plaintiffs sought.

Class certification discovery shall be completed by **May 1, 2006**. Class certification motion shall be filed on or before **July 10, 2006**. All discovery (fact and expert in the case-in-chief) shall be completed by **September 12, 2006**; plaintiffs shall identify any experts by

---

[7]If plaintiffs' motion for extension of time were denied and they failed to file a timely class certification motion by March 20, 2006, they could appeal that denial of class certification, see Fed. R. Civ. P. 23(f), and possibly further delay reaching the merits as to the individual plaintiffs if this Court or the Second Circuit were to stay this action pending that appeal, see id.

**July 17, 2006**, defendants shall identify their experts by **August 15, 2006**, and all expert discovery shall conclude by **September 1, 2006**.  Thus, ample time is given for completion of both classes of discovery (more than plaintiffs sought for case-in-chief discovery) as well as to file a class certification motion.  The Court expects all discovery to be conducted simultaneously.  Dispositive motions shall be filed on or before **December 27, 2006**.  Enough time has been provided here to complete discovery and whatever motion practice is necessary to reach the merits of plaintiffs' individual and class claims.  As a result, and as previously stated, there shall be **NO FURTHER EXTENSION OF THESE DEADLINES**.  Obviously, if the parties can perform these activities before these deadlines (such as filing the class certification motion on the present state of the discovery) then so much the better to reaching the merits expeditiously.  This Order is <u>**not**</u> an invitation for parties to delay further or wait until the eve of deadlines to act or seek yet another delay on the now false assumption (based upon past practice) that, if sought, more time will be given by stipulation or Order.  Given the warning in this Order, the Court will expect going forward timely completion of discovery and motion practice and ultimately progressing this case to its merits (<u>see</u> Docket No. 52, Order of Sept. 26, 2005, at 35, concluding that "this case needs to get to its merits").

## CONCLUSION

For the reasons stated above, plaintiffs' motion to compel (Docket No. 86) is **granted**, as conditioned by the terms of this Order.  Plaintiffs' motion for extensions of time (Docket Nos. 97, 98) is **granted in part, denied in part**, with the following dates so ordered.  Class certification discovery shall be completed by **May 1, 2006**.  Class certification motion shall be filed on or before **July 10, 2006**.  All discovery (fact and expert in the case-in-chief) shall be

completed by **September 12, 2006**; plaintiffs shall identify any experts by **July 17, 2006**, defendants shall identify their experts by **August 15, 2006**, and all expert discovery shall conclude by **September 1, 2006**. Dispositive motions shall be filed on or before **December 27, 2006**. All previous Scheduling Order deadlines not amended by this Order remain in full effect. **NO FURTHER EXTENSION OF THESE DEADLINES SHALL BE GRANTED**. Plaintiffs' motion for recovery of their costs for continuing the examinations of certain parties and witnesses is **denied**.

    So Ordered.

                                            */s/ Hugh B. Scott*
                                            Hon. Hugh B. Scott
                                         United States Magistrate Judge

Dated: Buffalo, New York
        March 20, 2006