UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADAM PRITCHARD, et al.,

            Plaintiffs,

                                    **Hon. Hugh B. Scott**

            v.                                    04CV534C

                                          **Order**

THE COUNTY OF ERIE, et al.,

            Defendants.

      This is a follow up to a recent series of discovery motions pending before the Court. First, County Defendants[1] moved for a protective Order, pursuant to Fed. R. Civ. P. 26(c), against disclosure of documents "relating to non-strip search related incidents including assaults and attempted suicides and unrelated non-strip search e-mail/documents" (Docket No. 116, Notice of Motion at 1); second, plaintiffs moved to compel to produce all documents designated by defendants as "felony" documents, and to allow plaintiffs to inspect the original documents responsive to their demands (Docket No. 120).

      Following a truncated briefing schedule (Docket Nos. 117, 121), on June 26, 2006, this Court ordered the County defendants to produce an "objections" log, describing the documents they declined to produce to plaintiffs and the reasons for that declination, within twenty (20)

---

[1]The "County Defendants" consist of Erie County, its former and present Sheriffs and named Sheriff's Department officials who were allegedly responsible for the Erie County Holding Center and the Erie County Correctional Facility, all of the defendants in this action save defendant Gipson (who is separately represented).

days; plaintiffs were to respond to the contents of this log within ten (10) business days (Docket No. 129). The County Defendants' motion for a protective order (Docket No. 116) was denied in part, granted in part and plaintiffs' cross-motion (Docket No. 120) was granted in part (Docket No. 129). Familiarity with this Order is presumed.

The County Defendants produced their objections log (Docket No. 134) describing about 500 documents. Plaintiffs then filed an attorney's affirmation (Docket No. 136) which concedes that a vast majority of the documents identified are not relevant to this action (id. ¶ 1), but sought in camera inspection of four sets of e-mails.

## DISCUSSION

Currently at issue are four sets of e-mails plaintiffs wish the Court to inspect in camera for possible production. As identified in the County Defendants' objection log, EC-C 1188 and EC-C 1211-1215 involve sexual harassment training by upper management of the Sheriff's Department. Plaintiffs seek these documents to show the level of enforcement by the County Defendants of departmental policies, albeit a policy unrelated to strip searches. The other two documents, EC-C 1189 and EC-C 1220, are e-mail cover sheets from former Assistant County Attorney Kristin Baudo Machelor, apparently from her office e-mail address to her home e-mail address.

Following review of the County Defendants' objections log and plaintiffs' asserted reasons for seeking these documents (Docket Nos. 134, 136), the Court declines to review these documents in camera and will now decide upon whether they should be produced.

I.        Sexual Harassment Training E-Mails

According to the County Defendants' log, EC-C 1188 is a memorandum from or for a meeting of Sheriff's Department administrators regarding sexual harassment training. From the log, there is nothing indicating the implementation of the policy (or the training) and all this involves the Sheriff's sexual harassment policy, far afield from the policy for conducting detainee searches. The documents identified as EC-C 1211 to 1215 are a string of e-mails between Sheriff's officials and the County Attorney's office regarding the sexual harassment policy, medical records authorization forms and HIPAA forms and compliance (Docket No. 134, County Defs. log). Defendants also assert attorney-client privilege for these documents (id.).

Plaintiffs fail to establish how documents regarding another Sheriff's Department policy (or even its implementation) is relevant to the claims raised regarding searches of inmates and adherence (or not) to the departmental policy therefor. Nor do plaintiffs address the attorney-client privilege asserted for EC-C 1211-15. Thus, the documents sought regarding the Sheriff's Department sexual harassment policy, EC-C 1188, EC-C1211-1215, **should not be produced**.

II.       Machelor Transmission E-Mails

These documents appear to be e-mail transmission cover sheets sent by former Assistant County Attorney Machelor between her home and work e-mail addresses. Plaintiffs intend to use these documents to establish that Machelor used her home e-mail address as well as her office e-mail address. (Docket No. 136, Pls. Atty. Affirm. ¶ 2.) While it is not initially clear what relevance the fact that an attorney uses her home and work e-mail addresses, it may lead to discovery of admissible evidence, cf. Fed. R. Civ. P. 26(b)(1). Absent objections by the County

Defendants on privilege grounds (which they have not asserted) and the fact that these covering documents do not have whatever attachments to them, they **should be produced**.

## CONCLUSION

For the reasons stated above and as previously determined (Docket No. 129), the County Defendants' motion for a protective order (Docket No. 116) is **granted in part, denied in part**; namely, that defendants are to produce EC-C 1189, EC-C 1220, but may withhold EC-C 1188, EC-C1211-1215 as well as the other documents plaintiffs now concede are beyond the scope of this litigation. As a result, plaintiffs' motion to compel (Docket No. 120) is **granted in part** in so far an the "objections" log will be created, but **denied in part** in so far as not obtaining the withheld documents.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
August 9, 2006