UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADAM PRITCHARD, et al.,

                 Plaintiffs,

                                                     **Hon. Hugh B. Scott**

                 v.

                                                     04CV534C

                                                          **Order**

THE COUNTY OF ERIE, et al.,

                 Defendants.

        Before the Court is plaintiffs' letter application (letter of Charles LaDuca, dated August 28, 2006, to Chambers) for extension of time to conduct and complete fact discovery. Plaintiffs indicate that all parties stipulate to this request. The current scheduling Order in this case had plaintiffs' expert disclosure due by July 17, 2006; defendants' expert disclosure due by August 15, 2006; all expert disclosure to be completed by September 1, 2006; and fact discovery to be completed by September 12, 2006 (Docket Nos. 103, 104[1]). Dispositive motions then were due on or before December 27, 2006 (id.). The Orders setting this schedule clearly indicated that the Court would not entertain further extensions of the dates (id.).

        As the parties are well aware, this case is a potential class action with the motion to certify that class pending (Docket Nos. 131, 133, 139). Plaintiffs' counsel noted that the remaining fact discovery is dependent upon the decision on the class certification issue. They requested a thirty-day extension of the fact discovery deadline and extension of the expert

---

[1]Also scheduled is a settlement conference on Wednesday, October 11, 2006, at 10:15 am, Docket Nos. 138, 139.

deadlines (which the parties stipulated to occur <u>after</u> the fact discovery deadline) (LaDuca letter). Plaintiffs argue that "the type of experts the parties may require for trial of this case depends largely on the ruling on class certification" (<u>id.</u>). The Court agrees.

The determination of the class certification motion potentially is a two-step process. A Report & Recommendation will be rendered on this motion, <u>see</u> 28 U.S.C. § 636(b)(1)(A), (B), that any party may file a timely objection to. Ultimately, the final decision of this motion will be rendered by Judge Curtin. Given the uncertainty when these decisions will be entered, fact discovery may have to be extended numerous times until these decisions become final in this Court. To avoid further multiple motions or stipulations to extend time (<u>cf.</u> Docket Nos. 27, 28, 52, 75, 82, 97, 98, 102, 103, 104, 6 (stipulated extension for Local Civil Rule 23(d) deadline for class certification motion)), the case-in-chief fact discovery deadlines, including those for expert disclosures, and the deadline for dispositive motions will be **held in abeyance** pending resolution of the class certification issue, rather than setting (and potentially resetting) new deadlines as the parties await Court decisions. Following the final disposition of that issue, the Court will hold a status conference and then enter a further Scheduling Order to set forth the deadlines for the balance of the pretrial aspects of this case, from the deadlines for expert disclosures to dispositive motions. But as stressed previously, it is the Court's intention to press this case to consideration of the merits and not to delay that consideration (<u>see, e.g.</u>, Docket No. 103, Order of March 20, 2006, at 13).

The settlement conference scheduled for **Wednesday, October 11, 2006, at 10:15 am**, remains as scheduled (see, e.g., Docket No. 139).

So Ordered.

_/s/ Hugh B. Scott_
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      August 30, 2006